Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 888
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for Yakov Lifschitz

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re | Case No. 20-30238 HLB |
| MARIA KRISTUL | Chapter 7 |
| Debtor | |
| | Adv. Pro. No. 20-03052 |
| YAKOV LIFSCHITZ | |
| Plaintiff | |
| vs. | |
| MARIA KRISTUL | |
| Defendant | |

**STIPULATION FOR ENTRY OF
ORDER SUSPENDING ADVERSARY PROCEEDING**

COME NOW, Yakov Lifschitz ("Plaintiff") and Maria Kristul ("Defendant") and stipulate as follows:

*Recitals of Fact*

A.    Defendant filed a voluntary petition for liquidation under Chapter 7 of the Bankruptcy Code on March 3, 2020.

B.    Plaintiff timely filed and served a Complaint initiating the above adversary proceeding (the "Adversary Proceeding"). The Adversary Proceeding seeks a determination that the debt Defendant owes to Plaintiff is non-dischargeable.

C.    There are presently filed, or authorized to be filed, four adversary proceedings objecting to the Defendant's discharge (the "727 Actions").

D.    Should any of the Section 727 Actions prevail, Plaintiff's claim will become non-dischargeable as a result, thereby effectively rendering the Adversary Proceeding moot.

E.    For the present, the parties hereto believe that the conservation of judicial resources, as well as the financial resources and energies of the parties, would best be served by deferring litigation and suspending the Adversary Proceeding.

F.    The parties hereto cannot foresee every circumstance under which it may be in the interest of either party to resume and prosecute the Adversary Proceeding. They therefore propose a mechanism pursuant to which either may give notice of resumption of the Adversary Proceeding.

G.    Likewise, the Court's control of its docket may make it appropriate for the Court to schedule a future Status Conferences and require the filing of a Status Conference Statement reporting on the parties' views respecting the continued suspension or resumption of the Adversary Proceeding.

*Stipulation*

WHEREFORE, the parties hereto stipulate as follows:

1. Prosecution of the Adversary Proceeding shall be suspended, and the Status Conference currently set for December 10, 2020 may be continued or taken off calendar.

2. The parties request that an Order in the form attached hereto be entered by the Court.

DATED: September 28, 2020  ST. JAMES LAW, P.C.

By: /s/ *Michael St. James* .
    Michael St. James
Counsel for Yakov Lifschitz

DATED: October 1, 2020  BELVEDERE LEGAL, P.C.

By: /s/ *Matthew D. Metzger* .
    Matthew D. Metzger
Counsel for Maria Kristul

Michael St. James, CSB No. 95653
ST. JAMES LAW, P.C.
22 Battery Street, Suite 888
San Francisco, California 94111
(415) 391-7566 Telephone
(415) 391-7568 Facsimile
michael@stjames-law.com

Counsel for Yakov Lifschitz

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re<br>MARIA KRISTUL<br>    Debtor | Case No. 20-30238 HLB<br>Chapter 7 |
| YAKOV LIFSCHITZ<br>    Plaintiff<br>vs.<br>MARIA KRISTUL<br>    Defendant | Adv. Pro. No. 20-03052 |

**ORDER SUSPENDING ADVERSARY PROCEEDING**

Upon consideration of the Stipulation of Yakov Lifschitz ("Plaintiff") and Maria Kristul ("Defendant") for Entry of Order Suspending Adversary Proceeding, it appearing that the Stipulation is

reasonable and appropriate and likely to advance the interests of judicial economy and the preservation of litigant resources, and good cause therefore appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The above Adversary Proceeding be, and it hereby is, suspended, and no party shall be obligated to take action with respect thereto during the period of the suspension.

2. The Status Conference presently set for December 10, 2020 be, and it hereby is, taken off calendar.

3. After consulting with the Court's clerk, Plaintiff shall give notice of a Status Conference to be held in _____, 2021. The parties shall submit a Status Conference Statement not later than 7 days prior to the Status Conference, which Statement shall apprise the Court of the parties' view as to the desirability of continued suspension of the Adversary Proceeding or a resumption of litigation. The foregoing Status Conference shall *not* constitute the scheduling hearing contemplated by Fed. R. Civ. P. 16(b)(1) made applicable by Fed. R. Bankr. P. 7016 and by Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026.

4. At any time, either party, having consulted with the Court's clerk, may give not less than 45 days' notice of a Status Conference in the Adversary Proceeding. Such Status Conference shall constitute the scheduling hearing contemplated by Fed. R. Civ. P. 16(b)(1) made applicable by Fed. R. Bankr. P. 7016 and by Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026; and the deadlines contemplated by that Rule and the Court's Discovery Order; Dkt #4; shall apply with respect to that Status Conference. The giving of that notice shall constitute the termination of the suspension of the Adversary Proceeding.

\*   \*   \*   END OF ORDER   \*   \*   \*

*Court's Service List*

All persons entitled to notice of entry of this Order are ECF registered